UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:15-CR-5000 |
| ) | JUDGE GREER |
| DUSTIN MCPHETRIDGE ) | |

## AGREED ORDER OF REVOCATION

A Petition for Revocation of Supervised Release has been filed against the defendant, Dustin McPhetridge, and the defendant admits that he has violated the conditions of his supervised release as specified in violation numbers 1-3 in the Petition. An agreement has been reached between the parties, recommending that Mr. McPhetridge's supervised release should be revoked and that he should receive a sentence of time served followed by lifetime supervised release.

Mr. McPhetridge agrees to waive his right to a hearing pursuant to Rule 32 of the Rules of Criminal Procedure, waive his right to allocute at a revocation hearing, and asks that the agreement of the defendant and the government pursuant to Rule 11 of the Federal Rules of Criminal Procedure be found to be a proper sentence. In doing so, the defendant acknowledges that he is giving up the following rights:

(1) The right to the assistance of counsel for his defense.

(2) The right to see and hear all the witnesses and have them cross-examined in his defense.

(3) The right on his own part not to testify unless he chose to do so in his defense, and

(4) The right to the issuance of subpoenas to compel the attendance of witnesses to testify on his behalf.

The Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The violations above constitute Grade C violations for which an advisory

guideline range of three (3) to nine (9) months would apply given his Criminal History Category I. The Court has considered this advisory guideline range. The Court has also considered the statutory maximum of 36 months imprisonment. The Court has also considered the factors listed in 18 U.S.C. § 3553(a).

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a), while taking into consideration all of those factors and the Chapter Seven policy statements. Specifically, the Court finds that the defendant has admitted that the proof could establish by a preponderance of the evidence that he committed the violations as specified in violation numbers 1-3 in the Petition.

IT IS HEREBY ORDERED, therefore, that the defendant's supervised release is hereby revoked. The defendant is hereby sentenced to time served followed by lifetime supervised release. While on supervised release, the defendant shall comply with the following mandatory conditions of supervision adopted by this Court in Local Rule 83.10:

(1) The defendant must not commit another federal, state, or local crime.

(2) The defendant must not unlawfully possess a controlled substance.

(3) The defendant must refrain from unlawful use of a controlled substance.

(4) The defendant must cooperate in the collection of DNA as directed by the probation officer.

To promote respect for the law, prevent recidivism, and aid in adequate supervision, the defendant shall also comply with the following standard conditions of supervision adopted by this Court in Local Rule 83.10:

(1) The defendant must report to the probation office in the federal judicial district where the defendant is authorized to reside within 72 hours of release from imprisonment or of the time you were sentenced, unless the probation officer instructs the defendant to report to a different probation office or within a different

time frame. **Justification:** *This condition is an administrative requirement of supervision.*

(2) After initially reporting to the probation office, the defendant will receive instructions from the Court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed. **Justification:** *This condition is an administrative requirement of supervision.*

(3) The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the Court or the probation officer. **Justification:** *This condition is an administrative requirement of supervision.*

(4) The defendant must answer truthfully the questions asked by the defendant's probation officer. **Justification:** *This condition is an administrative requirement of supervision.*

(5) The defendant must live in a place approved by the probation officer. If the defendant plans to change where the defendant lives or anything about the defendant's living arrangements (such as the people the defendant lives with), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. **Justification:** *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

(6) The defendant must allow the probation officer to visit the defendant at any time at the defendant's home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that the probation officer observes in plain view. **Justification:** *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

(7) The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about the defendant's work (such as the defendant's position or job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. **Justification:** *This condition will reduce the risk of recidivism and provide for defendant rehabilitation.*

(8) The defendant must not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer. **Justification:** *This condition is aimed at reducing the risk of recidivism and providing for public safety.*

(9) If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours. **Justification:** *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

(10) The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers). **Justification:** *This condition will provide for public and officer safety.*

(11) The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the Court. **Justification:** *This condition is aimed at reducing the risk of recidivism and providing for public safety.*

(12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk. **Justification:** *This condition is aimed at reducing the risk of recidivism and providing for public safety.*

(13) The defendant must follow the instructions of the probation officer related to the conditions of supervision. **Justification:** *This condition is an administrative requirement of supervision.*

While on supervised release, the defendant shall also abide by the following special conditions:

(1) The defendant shall participate in a program of sex offender mental health treatment at his/her own expense, as approved by the probation officer, until such time as he/she is discharged from the program by the provider and as approved by the probation officer. The defendant shall comply with the policies and procedures of the treatment program. The defendant shall waive all rights to confidentiality regarding sex offender mental health treatment in order to allow release of information to the United States Probation Officer, and to authorize open communication between the probation officer and the treatment providers. (Any reference to the defendant paying for counseling, treatment, and/or assessments is an indication that the United States Probation Office will conduct a routine financial

4

assessment of the defendant's ability to pay.) SO-15-06(1). **Justification:** *The Sex Offender Management Procedures Manual, provided by the Administrative Office of the United States Courts, states that sex offenders required to register under the Sex Offender Registration and Notification Act of 2006 (SORNA) should be evaluated for participation in sex offense-specific treatment. The Defendant would benefit from treatment, learning how to avoid triggers that may cause him to re-offend, which would in turn, protect the public from future crimes from the defendant.*

(2) The defendant shall have no direct or third party contact, by any means available to him/her, with any victim(s) of a sex offense committed by the defendant. SO-15-06(2). **Justification:** *This condition is related to the nature and circumstances of the offense. Any contact or attempted contact with the victims could cause them to feel violated and victimized again. This condition is recommended to protect the victims and to protect the defendant in this case, as well as to protect the public from future crimes from this defendant.*

(3) Other than incidental contact, which is defined as contact occurring merely by chance or without intention or calculation, the defendant shall not associate and/or be alone with children under the age of 18 years of age, nor shall he/she be at any residence where children under the age of 18 are residing, without the prior written approval of the probation officer. If the defendant has any contact with any such minor not otherwise addressed in this condition, the defendant shall immediately leave the situation and notify the probation officer. This provision shall not apply to contact with the defendant's own minor children unless the court expressly so finds. SO-15-06(3). **Justification:** *This condition is related to the nature and circumstances of the offense. It is aimed at protecting the most vulnerable members of society from offenders who have already exhibited a propensity towards minors and prepubescent minors.*

(4) The defendant shall not visit, frequent, or linger about any place that is primarily associated with children under the age of 18 or at which children under the age of 18 normally congregate without the prior written approval of the probation officer. SO-15-06(4). **Justification:** *This condition is related to the nature and circumstances of the offense. It is aimed at protecting the most vulnerable members of society from offenders who have already exhibited a propensity towards minors and prepubescent minors.*

(5) The defendant shall not associate with anyone, under any circumstances, that he/she knows to be a sex offender, someone who engages in sexual activity with children under 18 years of age, or someone who condones and/or supports the sexual abuse/exploitation of children under 18 years of age (i.e., NAMBLA, BOYCHAT, Boylover Message Board), except while participating in sex offender mental health treatment or for employment purposes as approved by the probation officer. SO-15-06(5). **Justification:** *The goal of this condition is to mitigate the defendant's risk of recidivating to criminal conduct by removing unnecessary temptation to reoffend.*

5

*It is believed this condition would not only protect the public from further crimes of the defendant, but also provide the defendant with tools for remaining in compliance with his supervision and the Sex Offender Registration and Notification Act requirements.*

(6) The defendant shall not possess any printed photographs, paintings, recorded material, or electronically produced material designed to produce arousal of sexual interest in children under 18 years of age. Nor shall he/she visit, frequent, or linger about any place where material designed to produce arousal of sexual interest in children is available to him/her. SO-15-06(6). **Justification:** *The goal of this condition is to prevent the defendant from backsliding into deviant thought processes through the temptations inherent with these types of materials. It is believed that this condition would not only protect the public from further crimes of the defendant, but also provide the defendant with tools for remaining in compliance with his supervision and the Sex Offender Registration and Notification Act requirements.*

(7) The defendant shall notify the probation officer of any/all location where he/she receives mail. The defendant shall not obtain a new mailing address, post office box, or use the facility of any business for the delivery and receipt of mail or any other correspondence without approval of the probation officer. SO-15-06(7). **Justification:** *This condition will assist the probation officer in monitoring the defendant's compliance with the terms and conditions of his/her release.*

(8) The defendant shall submit to polygraph testing at his/her own expense, as directed by the probation officer, in order to determine if he/she is in compliance with the conditions of supervision, or to facilitate sex offender treatment. The defendant shall be truthful during polygraph evaluations. SO-15-06(9). **Justification:** *The polygraph test is often the only means by which the probation officer becomes aware that an offender has relapsed or is participating in risky behaviors, unless he is arrested for a new offense. The Sex Offender Management Procedures Manual, provided by the Administrative Office of the United States Courts, outlines that sex offenders required to register under SORNA should be required to participate in polygraph examinations as part of the containment model of supervision. Polygraph testing may encourage the offender to be truthful with his probation officer and could alert the probation officer to potential violations of supervision conditions, which could prompt a further inquiry or investigation.*

(9) All residences and employment shall be approved in advance by the probation officer. The defendant shall not participate in any volunteer activities requiring unsupervised contact with children under the age of 18, without the approval of the probation officer. The defendant shall not engage in an activity that involves being in a position of trust or authority over any child or children under the age of 18. SO-15-06(10). **Justification:** *This condition is aimed at providing protection to the public from future crimes of this defendant. The Sex Offender Management Procedures Manual, provided by the Administrative Office of the United States*

> *Courts, relays, in part, the following regarding residential and employment restrictions: Although employment is critical to a defendant's stability, and sex offenders should obtain and maintain employment the same as any other offender under supervision, this population may present specific risk factors in the workplace. Certain types of employment are not appropriate for sex offenders... Sex offenders should not hold jobs that give them authority over potential victims (including coworkers or subordinates), give them access to vulnerable populations, or place them in a setting near a school or playground. Employment restrictions prohibiting a sex offender from working in certain capacities – such as at a location close to a school zone, at an adult-oriented establishment, or where they may have access to the internet – may need to be considered.*

(10) The defendant shall not possess or use a computer or any other electronic device with access to the internet or any other on-line computer service at any location (including employment), without the approval of the probation officer. SO-15-06(12). **Justification:** *This condition is reasonably related to the nature and circumstances of the offense, and is aimed at protecting the public from future crimes of this defendant and reducing recidivism.*

(11) The defendant shall not possess or use any data encryption, data elimination, or access-protection technique, device, or program designed to conceal, eliminate, or corrupt material that is illegal, designed to produce a sexual interest in children under 18 years of age, or prohibited by the probation officer. SO-15-06(13). **Justification:** *This condition is reasonably related to the nature and circumstances of the offense, and is aimed at protecting the public from future crimes of this defendant. This condition also prohibits the defendant from attempting to conceal any evidence of deviant behavior or of any violations of the conditions of release or new criminal conduct.*

(12) The mandatory drug testing condition is suspended in this case, based on the Court's determination that the defendant poses a low risk of future substance abuse. **Justification:** *This is justified due to the defendant's lack of substance abuse history, the nature and circumstances of the offense, and the history and characteristics of the defendant.*

(13) The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as he/she is released from the program by the probation officer. The defendant shall waive all rights to confidentiality regarding mental health treatment in order to allow release of information to the supervising United States Probation Officer and to authorize open communication between the probation officer and the mental health treatment provider. **Justification:** *This condition will assist the probation officer in monitoring the defendant for protection of the community and for defendant rehabilitation.*

(14) The defendant shall submit his or her person, property, house, vehicle, papers, [computers (as defined by 18 U.S.C. § 1030(e)(1)), other electronic communications

7

or data storage devices or media,] of office to a search conducted by a United States probation officer or designee. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search purusant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner. **Justification:** *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

_____
The Honorable J. Ronnie Greer
United States District Judge

APPROVED FOR ENTRY:

_____  5-24-22
Donald Wayne Taylor
Assistant U.S. Attorney

_____
Robert C. Welch, II
U.S. Probation Officer

_____
Dustin McPhetridge
Defendant

_____
Nikki C. Pierce
Attorney for Defendant

8